UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE D'SHANN DODD,

    Petitioner,

        v.

WARDEN,

    Respondent.

CAUSE NO. 3:19-CV-265-JD-MGG

OPINION AND ORDER

Jermaine D'Shann Dodd is a prisoner who was found guilty of Use of a Deadly Weapon in violation of Indiana Department of Correction offense A-106 at his re-hearing on January 14, 2019, by a Disciplinary Hearing Officer (DHO). Without a lawyer, he filed a habeas corpus petition challenging that prison disciplinary hearing (ISP 18-10-164) where he was sanctioned with the loss of 90 days earned credit time.

In Ground One, Dodd argues he was not given 24 hour advance written notice of the charge against him before his first hearing was held on October 22, 2018. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires an inmate be given 24 hour advance written notice of the factual basis of the charge against him. Dodd may not have gotten proper notice before his first hearing in October, but that is irrelevant because the results of that hearing were overturned and the case sent back for a re-hearing in January. It is only the re-hearing that is relevant here. Dodd acknowledges he was notified of the re-hearing and the charge against him on January 8, 2019. ECF 1 at 2, *see also* ECF 1-2 at 24. He acknowledges his re-hearing was held on January 14, 2019. ECF 1 at 1, *see also* ECF 1-

2 at 23. Dodd received more than 24 hour notice. Ground One is not a basis for habeas corpus relief.

In Ground Two, Dodd argues he was placed in segregation for 90 days before he was found guilty at his re-hearing on January 14, 2019. However, the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *Sandin v. Conner*, 515 U.S. 472 (1995). "In *Marion* [*v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009)] th[e] court noted that six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Hardaway v. Meyerhoff*, 734 F.3d 740, 744 (7th Cir. 2013) (quotation marks and citation omitted). Because Dodd was not entitled to due process before being placed in segregation for 90 days, he was not denied due process this happened.

In Ground Two, Dodd also argues he was sanctioned with the loss of 90 days earned credit time at his first hearing where he did not receive due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires due process when extending the duration of an inmate's confinement. However, whatever due process violations occurred during the original hearing were cured when the deprivation of earned credit time was vacated. *See* ECF 1-2 at 6. As noted, it is only the re-hearing that is relevant in this case. Due process violations during the original hearing are not a basis for habeas corpus relief challenging the re-hearing.

In Ground Two, Dodd further argues the charge against him violates State law which requires a conduct report be written within 10 days of the alleged violation.

However, violations of State law are not a basis for federal habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). None of those specifically limit how long prison officials may wait before writing a conduct report. Here, the violation occurred on September 14, 2018. The conduct report was written on October 15, 2018. This one month delay did not violate Dodd's federal due process rights. Therefore, none of the claims raised in Ground Two present a basis for habeas corpus relief.

In Ground Three, Dodd argues the re-hearing did not cure the due process violations of the original hearing because he was charged with the exact same offense and punished with the exact same sanctions. Here, Dodd is confusing "process" with "results." The charges and results were the same. However, the process was different. It is unclear what due process errors may have occurred in the original hearing, but they are not relevant because it – and the loss of earned credit time – were vacated. *See* ECF 1-2 at 6. Dodd was given a re-hearing. Only the denial of due process in the re-hearing can be the basis of habeas corpus relief. Because Ground Three does not demonstrate the denial of due process during the re-hearing, Ground Three is not a basis for habeas corpus relief.

If Dodd wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an

appeal in this case could not be taken in good faith. Nevertheless, if Dodd files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Circuit Court along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by the District Court.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Jermaine D'Shann Dodd leave to proceed in forma pauperis on appeal.

SO ORDERED on October 30, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT